UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GEORGE WILLIAM VETTER,

Petitioner,

v.

S. WILLIAMS,

Respondent.

Case No. CV 26-02103-MCS (RAO)

ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY

## I.   BACKGROUND

On February 17, 2026, Petitioner George William Vetter filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Pet."). Petitioner seeks habeas relief in connection with his current state custody arising from his 2002 conviction in Los Angeles County Superior Court, case number NA-047806. Pet. at 2.

The records of this Court establish that Petitioner has filed multiple habeas petitions challenging his 2002 conviction. His first habeas petition was denied on the merits on November 3, 2009. *See Vetter v. Ayers*, CV 06-01728-R-RC (C.D. Cal. Nov. 3, 2009), Dkt. Nos. 38, 39 (Order Adopting Report and Recommendation and

Judgment).[1]  Thereafter, Petitioner filed a habeas petition on October 3, 2017, which was dismissed as an unauthorized second or successive petition.  *See Vetter v. Martel*, CV 17-07282-R-JEM (C.D. Cal. Oct. 12, 2017), Dkt. No. 5 (Order Summarily Dismissing Successive Petition and Denying Certificate of Appealability).  Next, Petitioner filed a habeas petition on May 5, 2023, which was also summarily dismissed as successive.  *See Vetter v. Jones*, CV 23-03489 MCS-RAO (C.D. Cal. May 19, 2023), Dkt. No. 7 (Order Summarily Dismissing Successive Petition and Denying Certificate of Appealability).  The Ninth Circuit subsequently denied Petitioner's request for a certificate of appealability.  *Id.*, Dkt. No. 11.  Lastly, on December 30, 2024, Petitioner filed a habeas petition, which was summarily dismissed as successive.  *See Vetter v. Cuevas*, CV 24-11261 MCS-RAO (C. D. Cal. Jan. 13, 2025), Dkt. No. 4 (Order Summarily Dismissing Successive Petition and Denying Certificate of Appealability).

Because neither the Petition itself nor the records of the Ninth Circuit show that Petitioner has obtained authorization from the Ninth Circuit to file a successive petition in this Court, the Petition is dismissed without prejudice.

## II.    **DISCUSSION**

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1).  In pertinent part, before filing the application in the district court, a prisoner

---

[1] The Court takes judicial notice of the dockets of the habeas actions filed by Petitioner in the Central District of California.  *See* Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

2

"shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart,* 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

The Court finds that Petitioner's present Petition is clearly a second or successive habeas petition. Moreover, the Petition and records of the Ninth Circuit establish that Petitioner has not sought, and been granted, authorization by the Ninth Circuit to file a successive petition to raise his claims.

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition. Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of jurisdiction. *See Burton*, 549 U.S. at 152-53. The Clerk is directed to enter judgment dismissing the Petition.

## III.   CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

///

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## IV.    ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and

2. A Certificate of Appealability is **DENIED**.

DATED:  March 5, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

4